UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

LAWRENCE P. CUMMINGS,           )
                                )
        Plaintiff               )
                                )
v.                              )    No. 2:10-cv-453-DBH
                                )
MICHAEL J. ASTRUE,              )
Commissioner of Social Security,)
                                )
        Defendant               )

## REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") appeal contends that the administrative law judge failed to follow Social Security Ruling 83-20 in reaching her conclusion about the date of onset of the plaintiff's claimed impairments and that the administrative law judge wrongfully ignored her hypothetical question to the vocational expert and the resulting testimony. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act, for the purposes of SSD benefits, only through

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on September 13, 2011, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

December 31, 2004, Finding 1, Record at 12; that, prior to the date last insured, the plaintiff suffered from depression, urinary frequency, and constipation, impairments that, considered separately or in combination, were not severe, Finding 3, *id.*; that, since September 29, 2008, the plaintiff has suffered from depression, anxiety, and metastatic lung cancer to the ribs, impairments that were severe but which, considered separately or in combination, did not meet or equal the criteria of any impairment listing in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 4-5, *id*. at 16; that, from September 29, 2008, until April 3, 2010, the plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, Finding 6, *id*.; that, beginning on April 4, 2010, he had the RFC to perform the full range of sedentary work, *id.*; that, since September 29, 2008, he had been able to understand, remember, and carry out basic one- to six-step instructions through a normal workday and workweek with normal breaks, but could not tolerate contact with the general public and could not tolerate criticism from supervisors, *id*.; that, since September 29, 2008, he had been unable to perform any past relevant work, Finding 7, *id*. at 18; that, given his age (50 on September 29, 2008, an individual closely approaching advanced age), limited eighth grade education, lack of transferable skills, work experience, and RFC, since September 29, 2008, there were no jobs existing in significant numbers in the national economy that the plaintiff could perform, Findings 8-11, *id*.; and that, therefore, he was not disabled as that term is defined in the Social Security Act before September 29, 2008, and was disabled thereafter, Findings 12-13, *id*. at 19. The Decision Review Board affirmed the decision, Record at 1-4, making it the final determination of the commissioner, 20 C.F.R. § 405.420(b)(1); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 2 of the sequential process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.,* 795 F.2d 1118, 1124 (1st Cir.1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28).

## I. Discussion

### A. Date of Onset

Because the plaintiff was eligible for SSD benefits only through December 31, 2004, he must show that he was disabled before that date in order to be eligible for those benefits. He asserts that the administrative law judge failed to follow the strictures of Social Security Ruling 83-20 in determining whether any of the impairments which he found to be disabling as of

3

September 29, 2008, when the plaintiff filed his application, were also severe four years earlier. Itemized Statement of Specific Errors ("Itemized Statement") (Docket No. 10) at 2-4.

A claimant bears the initial burden of adducing evidence that during the relevant time period he suffered from a medically determinable impairment. *See, e.g.,* 20 C.F.R. § 404.1512(c) ("You must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say that you are disabled."). A claimed condition for which no such evidence is produced rightfully is ignored. *See, e.g.,* Social Security Ruling 96-7p ("SSR 96-7p"), reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2011) at 133 ("No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms.").

The plaintiff relies primarily on the following sentence from SSR 83-20: "At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred." Social Security Ruling 83-20 ("SSR 83-20), reprinted in *West's Social Security Reporting Service* Rulings 1983-1991, at 51. However, that section of SSR 83-20 is only applicable when there is ambiguity in the record regarding the date of onset of a particular disability. *E.g., Katt v. Astrue*, No. 05-55043, 2007 WL 815418, at *1 (9th Cir. Mar. 14, 2007). Only when there is some medical evidence that would allow the drawing of an inference about the date of onset of the impairment at issue is the administrative law judge required to consult a medical advisor at the hearing. *Mooers v. Astrue*, Civil No. 08-107-B-W, 2008 WL 4826290, at *4 (D. Me. Nov. 5, 2008).

4

The itemized statement appears to claim that a mental impairment, rather than a physical impairment, was present at the alleged date of onset. The plaintiff spends some time discussing a personality disorder, Itemized Statement at 3-4, but the only mental impairments found by the administrative law judge to exist for purposes of SSI were depression and anxiety. Record at 16. They are the only impairments available to the plaintiff as possible sources of disability due to mental impairment before December 31, 2004, because he does not contend that the administrative law judge should have found the he suffered from the severe impairment of a personality disorder. *Kovacs v. Astrue*, Civil No. 08-241-B-W, 2009 WL 799407, at *4 (D. Me. Mar. 23, 2009). Indeed, the administrative law judge found that the plaintiff suffered from depression before the date last insured, but that it was not severe. Record at 12.

To the extent that the plaintiff means to contend that his depression or anxiety existed and was severe before the date last insured, he offers only a treating physician's note made four days after the date last insured, the opinion of a licensed clinical social worker, and his own testimony. Itemized Statement at 2-4. However, the doctor's note dated January 4, 2005, to which the plaintiff refers, does not diagnose depression, anxiety, or personality disorder, contrary to the suggestion in the itemized statement. Under the heading "Review of Systems" and the subheading "Psychiatric," the note states:

> Admits to history of depression and anxiety though he has never been treated. He says, "I have a bad attitude towards people." He has seen a psychiatrist once but did not go back to see him, this was years ago.

Record at 287. Under the heading "Assessment and Plan" in the same note is the following entry:

> Depression and anxiety: We talked for a long time about treatment of depression. He is resistant to pharmacotherapy. We will re-address this

>           after his imaging for weight loss. This could be another potential
>           etiology for weight loss.

*Id*. at 289.

>      Two months later, the same physician noted on March 7, 2005:
>
>           Depression/anxiety: I think it is more of a schizoid personality disorder
>           with somewhat bizarre paranoia around money issues without
>           significantly affecting his functioning in life rather than depression or
>           anxiety. I do not think he warrants treatment at this time.

*Id*. at 283. This physician did not prescribe any medication for a mental impairment until July 8, 2005. Record at 280 ("Question of depression: More a personality disorder. See if he gets benefit on Wellbutrin."). All of this evidence is dated after the date last insured and is not sufficient to allow drawing an inference of the existence of a severe impairment of depression or anxiety before the date last insured. Accordingly, there was no error under SSR 83-20, because the issue of date of onset is not reached.

I note in addition that lay evidence, including that of a licensed clinical social worker, who is not an acceptable medical source, 20 C.F.R. § 404.1513(d), may only be considered when there is medical evidence that would allow the inference that the impairment existed and was severe before the date last insured. *Desrosier v. Astrue*, Civil No. 08-274-B-W, 2009 WL 961508, at *3 (D. Me. Apr. 7, 2009). The same is true of the plaintiff's own statements. 20 C.F.R. § 404.1528(a). That condition has not been met in this case.

The outcome does not differ even if the plaintiff meant to contend that the administrative law judge should have found that he suffered from a personality disorder that was severe and could have begun on or before the alleged date of onset. Both of the state-agency psychologists who reviewed the record concluded that there was insufficient evidence of any mental

6

impairment before the date last insured, December 31, 2004. Record at 389 & 468. Counsel for the plaintiff did not mention at oral argument any medical records that he contended were not available to the state-agency psychologists. The administrative law judge was entitled to rely on these evaluations, which are not ambiguous, to conclude that the plaintiff had not met his evidentiary burden with respect to the existence of the alleged personality disorder before the date last insured. *See generally Trudeau v. Astrue*, Civil No. 07-218-P-H, 2008 WL 4905484, at *5 (D. Me. Nov. 12, 2008). She specifically cites each of them. Record at 15.[2]

Nothing further was required. The plaintiff is not entitled to remand on this basis.

### B. Vocational Expert

The plaintiff briefly argues that the administrative law judge was required to adopt the vocational expert's testimony in response to a hypothetical question that included the inability to tolerate any contact with the general public. Itemized Statement at 4. The plaintiff focuses on the vocational expert's asserted "difficulty coming up with a description of the [plaintiff's past relevant work]" and states that "[substantial gainful activity] was also questioned." *Id.* I do not see how any of these issues would have any effect on the outcome of the SSD claim, since the administrative law judge concluded that the plaintiff had not engaged in substantial gainful activity since the alleged onset date, Record at 12, and that there was no severe impairment prior to that date.

Thus, the administrative law judge never reached the Step 4 issue of past relevant work with respect to the plaintiff's SSD claim. The plaintiff was awarded SSI benefits as of the date of

---

[2] Exhibit 5F includes page 389 and Exhibit 11F includes page 468 of the record.

his application, the earliest possible date for such an award. On the showing made, the plaintiff has asserted no basis for relief in this portion of his itemized statement.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 29th day of September, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge